UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rafael Rodriquez,, | ) | |
| | ) | C/A No.: 6:08-cv-03230-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Land-O-Sun Dairies, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court to review Magistrate Judge William M. Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., filed on January 12, 2010. The magistrate recommends that this Court grant Defendant's Motion for Summary Judgment. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

**Background**

Plaintiff, a former Route Salesman for Defendant, filed this action on September 22, 2008, alleging that Defendant (1) subjected him to racial harassment in violation of Title VII of the Civil Rights Act of 1964, as amended; (2) retaliated against him for reporting the racial harassment, also in violation of Title VII; and (3) retaliated against him for whistleblowing activity in violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31105.

Plaintiff worked for Defendant as a Route Salesman from late-December 2007 until his termination by Defendant less than two months later on February 14, 2008. Because Plaintiff was within a ninety-day probationary period, he rode with various Senior Route Salesmen during his employment. Plaintiff's allegations stem in part from comments made to him by Jerry Brown, a Senior Route Salesman who rode with Plaintiff until Brown was removed at Plaintiff's request. Plaintiff, who is a United States citizen of Puerto Rican descent, claims that Brown called him a "fucking Mexican," and that Brown made several offensive comments regarding black drivers, including using the word "niggers" on more than one occasion. (Def.'s Mot. Summ. J., Ex. A, Pl.'s Dep. at 40-44, Dkt. No. 25.)

Plaintiff also claims he was terminated for complaining about Brown's comments and for his alleged refusal to violate Department of Transportation ("DOT") regulations. (Pl.'s Compl. at ¶¶ 36, 41-42, Dkt. No. 1.) Plaintiff's supervisor, Melvin Wilbanks, claimed that Plaintiff was terminated because of numerous performance problems and customer complaints. (Def.'s Mot. Summ. J., Ex. K, Wilbanks Aff., Dkt. No. 25.)

On July 6, 2009, Defendant filed a Motion for Summary Judgment alleging there was no issue of material fact regarding any of Plaintiff's three claims. In his January 12, 2010 Report and Recommendation, Magistrate Judge Catoe agreed and recommended granting Defendant's Motion. Plaintiff filed several objections to this

report on January 29, 2010. Defendant filed a response to Plaintiff's objections on February 11, 2010.

## **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). As noted above, Plaintiff filed objections on January 29, 2010.

## **Discussion**

Plaintiff objects to the magistrate's finding as to each claim, so this Court will discuss the objections as they relate to Plaintiff's three allegations against Defendant.

A.   Hostile Work Environment

Plaintiff makes one central objection to the magistrate's finding regarding the hostile work claim. Plaintiff argues the magistrate looked only at Senior Route Salesmen Brown's racial slur that Plaintiff was a "fucking Mexican," and that the magistrate ignored Brown's repeated racial slurs regarding black drivers. (Pl.'s Objection at 2, Dkt. No. 37.)

To establish a claim of unlawful harassment based upon race, a plaintiff must establish the following four elements: (1) unwelcome conduct, (2) based on his race, (3) sufficiently severe and pervasive to alter the terms and conditions of his employment, and (4) some basis to impute liability to the defendant. *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 241 (4th Cir. 2000). To survive summary judgment, a plaintiff must demonstrate that the "workplace is permeated with discrimination, intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of employment and create an abusive environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

The magistrate correctly determined that to establish harassment based on race, Plaintiff must show that "but for" *his race*, he would not have been the victim of the alleged discrimination. *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). This determination may be made by looking at all the circumstances surrounding the alleged hostile environment, including the frequency and severity of the conduct, whether the conduct is physically threatening or humiliating, and whether it

unreasonably interferes with an employee's work performance. *McNeal v. Montgomery County*, 307 F. App'x 766, 776 (4th Cir.2009) (quoting *Harris,* 510 U.S. at 23). Plaintiff shows only one comment, made by a single co-worker, attributable to his race.

Plaintiff's efforts to argue that, under the totality of the circumstances, Brown's comments regarding black drivers created a hostile work environment are unavailing. First, the cases cited by Plaintiff in support all involved discriminatory behavior aimed at those who shared at least some characteristic of the individuals alleging harassment. Second, even in light of all of Brown's remarks, Plaintiff still only shows a few offensive comments made by a single co-worker. Additionally, once Plaintiff complained of Brown's behavior, Defendant suspended Brown without pay for three days, gave him a final written warning, and removed him permanently from the assignment of training Plaintiff. (Wilbanks Aff. at ¶ 15.) This is hardly a "workplace . . . permeated with discrimination, intimidation, ridicule, and insult . . . ." *See Harris*, 510 U.S. at 21.

Even if this Court were to accept Plaintiff's objection as valid, he also utterly fails to establish a *prima facie* case for unlawful harassment based on race because he fails to offer any reasonable basis to impute liability on Defendant. As soon as Wilbanks learned of Plaintiff's complaints, he took swift action. (Wilbanks Aff. at ¶ 15.) Additionally, there is no showing that anyone other than Brown made offensive remarks. In fact, Plaintiff spoke quite highly of the other Senior Route Salesman

brought in after Defendant removed Brown. (Pl.'s Dep. at 66-68.) There is no basis to impute liability here. *See, e.g.*, *Skipper v. Giant Food Inc.*, 68 Fed. App'x 393, 399 (4th Cir. 2003) ("[I]n those instances where plaintiffs did complain to managers, [defendant] addressed the problems."); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995) ("Where an employer has taken prompt and effective corrective measures to redress alleged incidents of racial harassment, the employer is not liable because its final act was not of a discriminatory nature.").

Therefore, Plaintiff's objection is meritless.

B.  Title VII Retaliation

Plaintiff objects to the magistrate's finding that his Title VII Retaliation claim fails because Plaintiff lacks any evidence disputing the legitimacy of the reasons given by Defendant for Plaintiff's termination. (Pl.'s Objection at 6-7.)

In this case, Defendant agrees that Plaintiff can establish a *prima facie* case of retaliation. However, if an employer can articulate a legitimate, non-retaliatory reason for the adverse employment action, then a plaintiff must produce evidence showing the employer's reasons were a pretext for the unlawful retaliation. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-49 (2000).

Plaintiff ultimately claims Defendant engineered his work-related problems as punishment for complaining about the racial slurs and in an effort to cause Plaintiff "to fail and create a cause for his discharge." (Pl.'s Objection at 8.) First, this is virtually the exact same argument made before the magistrate, who was correct in

the first instance when he noted that "it defies reason that the defendant would set the route up for failure, angering and ultimately losing a key customer, simply to punish the plaintiff for complaining about a racial slur." (Mag.'s Rep. and Rec. at 13, Dkt. No. 36.)

Second, although Plaintiff correctly notes that on summary judgment this Court will view inferences in a light most favorable to the non-moving party, this rule is not without limitations. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Plaintiff is entitled only to *reasonable* inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (holding that "merely colorable" evidence is insufficient to defeat summary judgment motion).

It is clear that Plaintiff had a number of well-documented performance issues throughout his brief career as a Route Salesman, including causing a large client to end their business relationship with Defendant. (*See* Mag.'s Rep. and Rec. at 12-15) (citing numerous portions of the record in this case). Yet Plaintiff offers no admissible evidence to support his theory that he was a victim of the counterproductive and illogical retaliatory scheme he describes. He merely offers a few statements that his route could have been more efficient. (Pl.'s Objection at 8.) *See also DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) (anti-discrimination laws do not convert court into "super-personnel department").

Third, even if the record supported the view that Defendant was trying to cause Plaintiff to fail, which it does not, this does not explain other aspects of

Plaintiff's poor performance. For example, as Judge Catoe observed, Plaintiff frequently falsified his time records without regard to whether the falsified records actually brought him within DOT guidelines. (*See* Mag.'s Rep. and Rec. at 13-14.) Plaintiff's objection is accordingly overruled.

C.  Whistleblower

Plaintiff appears to make two objections to the magistrate's finding that Plaintiff fails to state a valid whistleblower claim under the Surface Transportation Assistance Act ("the Act").

In his first objection, Plaintiff claims the magistrate did not specifically address the actual event that led to his firing: Plaintiff's failure on February, 13, 2008, to work all of his scheduled accounts. (Pl.'s Objection at 8-9.) Plaintiff claims that he ceased working because of the fourteen-hour limitation set forth in the DOT regulations. Plaintiff appears to allege that because he refused to operate in violation of regulations, he was engaging in a protected activity and was therefore protected by the Act. There are numerous problems with this objection.

First, there were several grounds for termination aside from Plaintiff's activity on his last day. On the very form relied on by Plaintiff, Defendant listed other grounds for termination, including failure to unload the truck or complete paperwork (activities not covered by the fourteen-hour rule), and the fact that after seven weeks of training his "performance remain[ed] unsatisfactory." (Pl.'s Objection, Ex. 1.)

Second, Plaintiff never sufficiently alleged that his supervisor or Defendant knew about Plaintiff's supposed whistleblowing activity on February 13, 2008, or any other day. Plaintiff never articulated to Wilbanks or Defendant that he stopped working in order to comply with DOT regulations. Plaintiff cannot become a protected whistleblower merely by performing his job poorly enough to violate DOT regulations. *See, e.g.*, *Bettner v. Admin. Review Bd.*, 539 F.3d 613, 622 (7th Cir. 2008); *Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001). It also seems strange that Plaintiff claims he ceased work in order to comply with DOT regulations, yet he returned to work a few hours later in clear violation of DOT regulations. *See* 49 C.F.R. § 395.3(a)(2) (noting route salesman must be off duty for not less than ten hours between shifts).

In his second objection related to this claim, Plaintiff claims the magistrate never addressed whether Plaintiff's complaints to his trainers were protected activity. Plaintiff is incorrect. The magistrate correctly found that Plaintiff's complaints were never known to Defendant or to Wilbanks, played no part in Plaintiff's firing, and that "[a]t best, [it] shows that the plaintiff considered engaging in protected activity but thought better of it." (Mag.'s Rep. and Rec. at 17.)

Therefore, Plaintiff's objections are without merit.

## Conclusion

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal

principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's case is DISMISSED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 17, 2010
Anderson, South Carolina