```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
       GREENVILLE DIVISION
```

| | | |
|---|---|---|
| Rafael Rodriquez, | ) | |
| | ) | C/A No.: 6:08-cv-03230-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Land-O-Sun Dairies, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's Bill of Costs, filed on February 23, 2010. Plaintiff objects to the Bill of Cost. For the reasons stated herein, this Court awards Defendant one thousand one hundred dollars and sixty cents ($1,100.60) in costs from Plaintiff.

**Background**

Plaintiff, a former Route Salesman for Defendant, filed this action on September 22, 2008, alleging that Defendant (1) subjected him to racial harassment in violation of Title VII of the Civil Rights Act of 1964, as amended; (2) retaliated against him for reporting the racial harassment, also in violation of Title VII; and (3) retaliated against him for whistleblowing activity in violation of the Surface Transportation Assistance Act, 49 U.S.C. § 31105. Defendant filed for summary judgment as to all claims on July 6, 2009. On January 12, 2010, in a Report and

Recommendation to this Court, Magistrate Judge William M. Catoe recommended granting summary judgment as to all claims.

On February 17, 2010, the undersigned entered an order adopting Judge Catoe's recommendation, granting Defendant's summary judgment motion, and dismissing Plaintiff's case. Defendant filed its Bill of Costs on February 23, 2010. Defendant seeks costs incurred in recording the Plaintiff's deposition in this case, and in transcribing and producing copies of that deposition. Plaintiff failed to object to Defendant's Bill of Costs by the March 12, 2010, deadline for filing objections.

## **Standard of Review**

Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The Fourth Circuit Court of Appeals has clarified that the rule gives rise to a presumption in favor of an award of costs to the prevailing party. *Teague v. Taggart*, 35 F.3d 978, 996 (4th Cir.1994). In *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441-42 (1987), the Supreme Court held that federal courts are limited to assessing only those costs enumerated under 28 U.S.C. § 1920. The statute provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

However, it is generally accepted that courts are free to interpret the meaning of the costs stated within Section 1920. *See Alflex Corp. v. Underwriters Labs*, *Inc.*, 914 F.2d 175,176-77 (9th Cir.1990) (holding that courts are free to interpret what constitutes taxable costs after *Crawford* ).

## **Discussion**

Defendant's Bill of Costs makes clear that Defendant is only seeking costs associated with deposing Plaintiff. (*See* Bill of Costs, Ex. B.) Defendant's request mirrors the $1,100.60 charged by the court reporting service that took Plaintiff's deposition. (*Id*.) Moreover, Plaintiff's deposition was key in deciding this case. Therefore, these costs clearly fall within those typically awarded to a prevailing party. *See* 28 U.S.C. § 1920(2), (4); Fed. R. Civ. P. 54(d)(1).

Further, Plaintiff does not object to an award of costs. Therefore, because Defendant is the prevailing party, this Court will presume that Defendant is entitled to an award of costs.

IT IS THEREFORE ORDERED that Defendant IS AWARDED one thousand one hundred dollars and sixty cents ($1,100.60) in costs from Plaintiff.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 19 , 2010
Anderson, South Carolina